Matter of Williams v New York State Dept. of Corr. & Community Supervision, Off. of Sentencing Review (2022 NY Slip Op 00927)





Matter of Williams v New York State Dept. of Corr. & Community Supervision, Off. of Sentencing Review


2022 NY Slip Op 00927


Decided on February 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 10, 2022

532896
[*1]In the Matter of Eric Williams, Appellant,
v
New York State Department of Corrections and Community Supervision, Office of Sentencing Review, Respondent.

Calendar Date:January 14, 2022

Before:Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ.

Eric Williams, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Cholakis, J.), entered January 21, 2021 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for credit for time served on a previously-imposed sentence.
On April 18, 2002, petitioner was convicted in federal court of conspiracy to purchase and sell firearms illegally and was sentenced to two years in prison, to be followed by three years of postrelease supervision. On March 23, 2003, petitioner was convicted of various crimes committed in May 2001 in Suffolk County, including murder in the second degree, and was sentenced to a prison term of 25 years to life on the murder conviction and to lesser concurrent terms on the other convictions. The sentencing court did not indicate whether these sentences would run concurrently or consecutively to the federal sentence. As such, by operation of law, the Suffolk County sentences ran consecutively to the federal sentence (see Penal Law § 70.25 [4]). On May 29, 2003, petitioner was convicted in Orange County of criminal possession of a weapon in the third degree and was sentenced to two years in prison, to be followed by three years of postrelease supervision. The Orange County sentence was ordered to run concurrently with the federal sentence.[FN1]
Petitioner was discharged from federal custody and transferred to a local jail on February 10, 2004 and was received by the Department of Corrections and Community Supervision (hereinafter DOCCS) on February 13, 2004.[FN2] The Suffolk County conviction was overturned in 2013 and petitioner was released from DOCCS's custody pending a new trial. Following a 2015 trial, petitioner was again convicted in Suffolk County on all charges and was sentenced to a prison term of 25 years to life on the murder conviction and to lesser concurrent terms on all other convictions, except for a conviction for criminal possession of a weapon in the second degree. For that conviction, petitioner was sentenced to five years in prison, followed by five years of postrelease supervision, with that sentence to run consecutively to the murder conviction sentence. The sentencing court did not reference either the 2002 federal sentence or the 2003 Orange County sentence in imposing this sentence.
Petitioner commenced the instant proceeding challenging respondent's calculation of his 2015 sentence, arguing that he was not given proper credit for the Orange County sentence. Specifically, petitioner contends that his 2015 sentence should be credited for the time period of April 18, 2002 to May 28, 2003, based upon his belief that the Orange County sentence, ordered to run concurrently with the federal sentence, commenced, nunc pro tunc, at the time that the federal sentence commenced. Supreme Court rejected petitioner's claim but did conclude that petitioner was not properly credited for the time period of May [*2]29, 2003 to February 13, 2004 and ordered that respondent credit petitioner's 2015 sentence accordingly. The court denied petitioner's subsequent motion to reargue. Petitioner appeals from the judgment partially dismissing the petition.
We affirm. "Where a person who is subject to an undischarged term of imprisonment imposed at a previous time by a court of another jurisdiction is sentenced to an additional term or terms of imprisonment by a court of this state, to run concurrently with such undischarged term, such additional term or terms shall be deemed to commence when the said person is returned to the custody of the appropriate official of such other jurisdiction where the undischarged term of imprisonment is being served" (Penal Law § 70.30 [2-a]). The record reflects that the concurrent Orange County sentence was imposed on May 29, 2003, and petitioner admittedly was returned to federal custody that day. Accordingly, by operation of law, the Orange County sentence commenced on May 29, 2003 (see Penal Law § 70.30 [2-a]). Moreover, although there was some apparent prior discussion as to the timing of the commencement of both sentences, counsel inquired at the time that the Orange County sentence was imposed whether the sentence would start on the same date as the federal sentence, and the sentencing court replied that the Orange County sentence "begins today."[FN3] In light of the foregoing, there is no basis for petitioner's contention that his Orange County sentence commenced nunc pro tunc at the time his federal sentence commenced, and Supreme Court properly denied crediting petitioner's 2015 sentence for the time period of April 18, 2002 to May 28, 2003.
Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: By operation of law, this sentence also ran concurrently with the Suffolk County sentence (see Penal Law § 70.25 [1] [a]).

Footnote 2: Accordingly, petitioner was credited for three days of jail time.

Footnote 3: Contrary to petitioner's contention, although the sentencing court also explained at the time that the Orange County sentence was imposed that any hold time related to the Orange County charge would be credited to the federal sentence (see generally Penal Law § 70.30 [3]), this was not an indication that the court intended for the sentence to commence nunc pro tunc at the time the federal sentence commenced.